# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| John Alves, Daniel Bello, Melissa Caci, Kristin Callahan, Julie Chambers, Deborah Colanino, Jason Dubois, Francesco Fazzolari, Shirene Hodgson, Patricia Lareau, Rolando Lora, Sharyn McDonnell, Michael Panza, Jonathan Vizard, and Jerry Wittenberg,<br><br>        Plaintiffs,<br><br>vs.<br><br>Prospect Mortgage, LLC,<br><br>        Defendant. | Civil Action No.: 1:13-cv-10985-JLT |

## FIRST AMENDED COMPLAINT

Plaintiffs John Alves, Daniel Bello, Melissa Caci, Kristin Callahan, Julie Chambers, Deborah Colanino, Jason Dubois, Francesco Fazzolari, Shirene Hodgson, Patricia Lareau, Rolando Lora, Sharyn McDonnell, Michael Panza, Jonathan Vizard, and Jerry Wittenberg ("Plaintiffs"), by and through their counsel, file this Complaint against Prospect Mortgage, LLC ("Defendant") for damages and other relief relating to violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the Massachusetts Minimum Fair Wage Law, Mass. Gen. Laws ch. 151 §§1A, 1B and 20.

## JURISDICTION AND VENUE

1. This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein pursuant to 28 U.S.C. § 1331 because this action asserts claims arising under federal law, the FLSA, 29 U.S.C. § 201, *et seq.*

2. This Court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the state law claims asserted because the state and federal claims derive from a common nucleus of operative fact.

3. Venue is proper in this District, pursuant to 28 U.S.C. § 1391, because Defendant resides in this District and because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## PARTIES AND PROCEDURAL BACKGROUND

4. Plaintiff John Alves ("Plaintiff Alves") is an adult resident of East Sandwich, Massachusetts. Plaintiff Alves worked as a loan officer for Defendant in an office in the Osterville, Massachusetts area from approximately February 2011 until July 2011.

5. Plaintiff Daniel Bello ("Plaintiff Bello") is an adult resident of Reading, Massachusetts. Plaintiff Bello has worked as a loan officer for Defendant in an office in the Wakefield, Massachusetts area since approximately March 2009.

6. Plaintiff Melissa Caci ("Plaintiff Caci") is an adult resident of Reading, Massachusetts. Plaintiff Caci worked as a loan officer for Defendant in an office in the Wakefield, Massachusetts area from approximately April 2009 until June 2011.

7. Plaintiff Kristin Callahan ("Plaintiff Callahan") is an adult resident of Marblehead, Massachusetts. Plaintiff Callahan has worked as a loan officer for Defendant in an office in the Wakefield, Massachusetts area since approximately November 2009.

8. Plaintiff Julie Chambers ("Plaintiff Chambers") is an adult resident of Forestdale, Massachusetts. Plaintiff Chambers worked as a loan officer for Defendant in an office in the Newton, Massachusetts area from approximately May 2011 until November 2011.

9. Plaintiff Deborah Colanino ("Plaintiff Colanino") is an adult resident of Plympton, Massachusetts. Plaintiff Colanino worked as a loan officer for Defendant in an office in the South Easton, Massachusetts area from approximately October 2009 until July 2011.

10. Plaintiff Jason Dubois ("Plaintiff Dubois") is an adult resident of Atkinson, New Hampshire. Plaintiff Dubois worked as a loan officer for Defendant in an office in the Andover, Massachusetts area from approximately September 2009 until March 2011.

11. Plaintiff Francesco Fazzolari ("Plaintiff Fazzolari") is an adult resident of Abington, Massachusetts. Plaintiff Fazzolari worked as a loan officer for Defendant in an office in the Wakefield, Massachusetts area from approximately January 2010 until April 2010.

12. Plaintiff Shirene Hodgson ("Plaintiff Hodgson") is an adult resident of Hampton, New Hampshire. Plaintiff Hodgson worked as a loan officer for Defendant in an office in the Wakefield, Massachusetts area from approximately April 2007 until December 2010.

13. Plaintiff Patricia Lareau ("Plaintiff Lareau") is an adult resident of New Bedford, Massachusetts. Plaintiff Lareau worked as a loan officer for Defendant in an office in the South Easton, Massachusetts area from approximately April 2007 until September 2010.

14. Plaintiff Rolando Lora ("Plaintiff Lora") is an adult resident of Harvard, Massachusetts. Plaintiff Lora worked as a loan officer for Defendant in an office in the Andover, Massachusetts area from approximately September 2009 until January 2010.

15. Plaintiff Sharyn McDonnell ("Plaintiff McDonnell") is an adult resident of Houston, Texas. Plaintiff McDonnell worked as a loan officer for Defendant in an office in the Worcester, Massachusetts area from approximately June 2009 until January 2010.

16. Plaintiff Michael Panza ("Plaintiff Panza") is an adult resident of Newton, Massachusetts. Plaintiff Panza worked as a loan officer for Defendant in an office in the Newton, Massachusetts area from approximately June 2009 until August 2009.

17. Plaintiff Jonathan Vizard ("Plaintiff Vizard") is an adult resident of Southbridge, Massachusetts. Plaintiff Vizard worked as a loan officer for Defendant in an office in the Worcester, Massachusetts area from approximately August 2008 until October 2010.

18. Plaintiff Jerry Wittenberg ("Plaintiff Wittenberg") is an adult resident of Beverly, Massachusetts. Plaintiff Wittenberg worked as a loan officer for Defendant in an office in the Beverly, Massachusetts area from approximately April 2009 until December 2009.

19. Upon information and belief, Defendant is a California corporation doing business in and maintaining offices in several states throughout the United States, including Massachusetts. According to its website, Defendant is one of the largest independent residential retail lenders in the United States, and offers mortgage products such as FHA, VA, conventional, jumbo, and super jumbo loans. Defendant formerly did business under the name Metrocities Mortgage.

20. On October 18, 2010, Elizabeth Sliger, Carol Dion and Scott Avila, on behalf of themselves and all others similarly situated, filed a lawsuit against Defendant in the United States District Court for the Eastern District of California to recover overtime pay, minimum wages, and other relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* (Hereafter referred to as "Sliger" or "the Sliger matter.") On August 24, 2011, Judge Lawrence K. Karlton granted, in part, the Sliger plaintiffs' motion for FLSA conditional certification and authorized the Sliger plaintiffs to mail a notice of the lawsuit to all loan officers employed by Defendant between October 18, 2007, and August 24, 2011, who were paid on a commission-only basis. (See Sliger v. Prospect Mortgage, LLC, No. CIV. S-11-465 LKK/EFB, 2011 WL 3747947 (E.D. Cal. Aug. 24, 2011).)

21. Plaintiff Alves opted-in to the Sliger matter on November 22, 2011. (See Ex. A.)

22. Plaintiff Bello opted-in to the Sliger matter on November 15, 2011.  (See Ex. A.)

23. Plaintiff Caci opted-in to the Sliger matter on November 28, 2011.  (See Ex. A.)

24. Plaintiff Callahan opted-in to the Sliger matter on December 15, 2011.  (See Ex. A.)

25. Plaintiff Chambers opted-in to the Sliger matter on January 3, 2012.  (See Ex. A.)

26. Plaintiff Colanino opted-in to the Sliger matter on December 2, 2011.  (See Ex. A.)

27. Plaintiff Dubois opted-in to the Sliger matter on January 6, 2012.  (See Ex. A.)

28. Plaintiff Fazzolari opted-in to the Sliger matter on November 18, 2011.  (See Ex. A.)

29. Plaintiff Hodgson opted-in to the Sliger matter on November 22, 2011.  (See Ex. A.)

30. Plaintiff Lareau opted-in to the Sliger matter on December 12, 2011.  (See Ex. A.)

31. Plaintiff Lora opted-in to the Sliger matter on January 5, 2012.  (See Ex. A.)

32. Plaintiff McDonnell opted-in to the Sliger matter on May 12, 2011.  (See Ex. A.)

33. Plaintiff Panza opted-in to the Sliger matter on November 18, 2011.  (See Ex. A.)

34. Plaintiff Vizard opted-in to the Sliger matter on May 12, 2011.  (See Ex. A.)

35. Plaintiff Wittenberg opted-in to the Sliger matter on November 21, 2011.  (See Ex. A.)

36. By stipulation of the parties in Sliger, the Court decertified the Sliger matter on January 23, 2013. (Ex. B.)  The stipulation permits "individual opt-in plaintiffs, who so choose, [to] pursue their individual claims in other forums." (Id.)  In addition, the stipulation states that,

5

the claims of all opt-in plaintiffs, including the claims of Plaintiffs, are tolled from the time they opted-in to the Sliger matter until April 23, 2013. (Id.)

37. Plaintiffs bring this action pursuant to the FLSA, 29 U.S.C. § 201 *et seq.* and the Massachusetts Minimum Fair Wage Law, Mass. Gen. Laws ch. 151 §§1A, 1B and 20. Plaintiffs worked for Defendant as loan officers during the relevant statutory periods. During the relevant statutory periods, Plaintiffs regularly worked without receiving minimum wage and regularly worked over forty hours per week without receiving overtime compensation. Plaintiffs seek relief for Defendant's failure to pay minimum wage and overtime compensation under state and federal law.

## FACTUAL ALLEGATIONS

38. Defendant employed Plaintiffs as loan officers.

39. Defendant classified Plaintiffs as "exempt" from the overtime pay requirements of the FLSA and state law.

40. Plaintiffs are informed, believes, and thereon allege that Defendant's gross annual sales made or business done is $500,000.00 or greater. Defendant operates in interstate commerce by, among other things, selling mortgage loan products in multiple states.

41. Defendant paid Plaintiffs on a commission-only basis. As commission-only salespeople, there were pay periods during which Plaintiffs did not sell any loan products, and thus were not paid at least the minimum wage.

42. Plaintiffs also routinely worked in excess of forty hours per week for Defendant.

43. Defendant suffered and permitted Plaintiffs to work more than forty hours per week without overtime compensation.

44. Defendant is in the business of selling mortgages. Plaintiffs' work is and was directly related to mortgage sales.

45. Defendant did not keep accurate records of the Plaintiffs' hours worked. Defendant never instructed Plaintiffs to keep records of their hours worked.

46. Defendant's unlawful conduct has been widespread, repeated and consistent.

47. Defendant is aware of wage and hour laws, as evidenced by the fact that it provides minimum wage and overtime compensation to other employees who are not loan officers. Moreover, it is common industry knowledge that courts and the United States Department of Labor have found loan officers to be non-exempt.

48. Defendant's conduct, as set forth in this Demand, was willful and in bad faith, and caused significant damages to Plaintiffs.

## COUNT I
## FAIR LABOR STANDARDS ACT
### (Overtime Violations)

49. Plaintiffs allege and incorporate the above paragraphs by reference as if fully set forth herein.

50. At all times relevant herein, Defendant has been, and continues to be, an "employer," and Plaintiffs have been, or continue to be, "employees" within the meaning of 29 U.S.C. §§ 203(d) and (e).

51. The FLSA requires covered employers, such as Defendant, to compensate all non-exempt employees at a rate not less than one and one-half times their regular rate of pay for work performed in excess of forty hours per week. 29 U.S.C. § 207. As such, Plaintiffs are entitled to overtime compensation at one and one-half times their regular rate of pay for work performed in excess of forty hours per week.

52. By failing to compensate Plaintiffs with overtime compensation for their overtime hours worked, Defendant has violated, and continues to violate the FLSA.

53. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

54. Plaintiffs seek damages in the amount of Plaintiffs' unpaid overtime wages, an equal amount as liquidated damages, interest, all costs and attorneys' fees incurred in prosecuting this claim, all other relief available under the FLSA, and all other such legal and equitable relief as the arbitrator deems just and proper.

## COUNT II
## FAIR LABOR STANDARDS ACT
### (Minimum Wage Violations)

55. Plaintiffs allege and incorporate the above paragraphs by reference as if fully set forth herein.

56. The FLSA requires employers, such as Defendant, to pay employees the minimum wage for all hours worked.

57. At all relevant times, the FLSA, 29 U.S.C. § 206, has defined the federal minimum wage. Prior to July 24, 2008, the federal minimum wage was $5.85 an hour. From July 24, 2008 to July 23, 2009, the federal minimum wage was $6.55 an hour. Since July 24, 2009, the federal minimum wage has been $7.25 an hour.

58. During the applicable statute of limitations, Defendant failed to pay Plaintiffs the federally mandated minimum wage for all hours worked.

59. By failing to compensate Plaintiffs with minimum wages for all hours worked, Defendant has violated, and continues to violate the FLSA.

60. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

61. Plaintiffs seek damages in the amount of Plaintiffs' unpaid minimum wages, an equal amount as liquidated damages, interest, all costs and attorneys' fees incurred in prosecuting this claim, all other relief available under the FLSA, and all other such legal and equitable relief as the Court deems just and proper.

## COUNT III
## MASSACHUSETTS MINIMUM FAIR WAGE LAW
### Mass. Gen. Laws ch. 151 §§1A and 1B
### (Overtime Violations)

62. Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

63. At all times relevant to this action, Plaintiffs were employed by Defendant within the meaning of the Massachusetts Minimum Fair Wage Law.

64. By the course of conduct set forth above, Defendant violated the Massachusetts Minimum Fair Wage Law.

65. The Massachusetts Minimum Fair Wage Law requires employers, such as Defendant, to pay overtime compensation to all non-exempt employees. Mass. Gen. Laws ch. 151 §§ 1A and 1B.

66. Plaintiffs were non-exempt employees entitled to be paid proper overtime compensation for all hours worked.

67. During the relevant statutory period, Plaintiffs worked in excess of forty hours in a work week for Defendant.

68. During the relevant statutory period, Defendant failed and refused to pay Plaintiffs proper overtime compensation for overtime hours worked.

69. As a result of Defendant's failure to pay wages earned and due, Defendant violated the Massachusetts Minimum Fair Wage Law.

70. As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiffs have sustained damages, including loss of earnings for hours of overtime worked on behalf of Defendant, treble damages, pre- and post-judgment interest, and attorneys' fees and costs.

## COUNT IV
### MASSACHUSETTS MINIMUM FAIR WAGE LAW
### Mass. Gen. Laws ch. 151 §§ 1 and 20
### (Minimum Wage Violations)

71. Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs as if fully set forth herein.

72. The Massachusetts Minimum Fair Wage Law requires employers, such as Defendant, to pay employees the minimum wage for all hours worked. Mass. Gen. Laws ch. 151 §§ 1 and 20.

73. At all relevant times, the Massachusetts Minimum Fair Wage Law, Mass. Gen. Laws ch. 151 §§ 1 and 20, has defined the Massachusetts minimum wage. Since January 1, 2008, the Massachusetts minimum wage has been $8.00 an hour.

74. During relevant statutory periods, Defendant failed to pay Plaintiffs the minimum wage for all hours worked, as required by the Massachusetts Minimum Fair Wage Law.

75. As a result of Defendant's failure to pay minimum wages earned and due, Defendant violated the Massachusetts Minimum Fair Wage Law.

71. As a direct and proximate result of Defendant's unlawful conduct as set forth herein, Plaintiffs have sustained damages, including loss of earnings for overtime hours worked for Defendant, treble damages, pre- and post-judgment interest, and attorneys' fees and costs.

10

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for relief as follows:

A. Judgment that Plaintiffs are non-exempt employees entitled to protection under the FLSA and Massachusetts Minimum Fair Wage Law;

B. Judgment against Defendant for violations of the minimum wage and overtime provisions of the FLSA;

C. Judgment against Defendant for violations of the minimum wage and overtime provisions of Massachusetts Minimum Fair Wage Law;

D. Judgment that Defendant's violations as described above were willful;

E. An award in an amount equal to Plaintiffs' unpaid minimum and overtime wages at the applicable rates, liquidated and treble damages, and interest thereon, subject to proof in Court;

F. Appropriate statutory penalties;

G. An award of prejudgment interest to the extent liquidated and treble damages are not awarded;

H. An award of reasonable attorneys' fees and costs pursuant to the FLSA, 29 U.S.C. § 216, and Massachusetts Minimum Fair Wage Law, , Mass. Gen. Laws ch. 151 §§ 1B and 20; and

I. For such other and further relief, in law or equity, as the arbitrator may deem appropriate and just.

DATED:  June 5, 2013         s/Shannon Liss-Riordan
                              **LICHTEN & LISS-RIORDAN, PC**
                              Shannon Liss-Riordan, MA Bar No. 640716
                              Brant Casavant, MA Bar No. 672614
                              100 Cambridge Street, 20th Floor
                              Boston, MA 02114
                              Telephone (617) 994-5800
                              Facsimile (617) 994-5801
                              sliss@llrlaw.com
                              bcasavant@llrlaw.com

                              and

**NICHOLS KASTER, PLLP**
Andrew G. Chase, MN Bar No. 0391935*
4600 IDS Center, 80 South 8th Street
Minneapolis, MN  55402
Telephone (612) 256-3200
Facsimile (612) 215-6870
achase@nka.com

**pro hac vice* application forthcoming

ATTORNEYS FOR PLAINTIFFS