UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOHN ALVES, et al.,                     *
                                        *
          Plaintiffs,                   *
                                        *
          v.                            *          Civil Action No. 13-10985-JLT
                                        *
PROSPECT MORTGAGE, LLC,                 *
                                        *
          Defendant.                    *


MEMORANDUM

October 22, 2013

TAURO, J.

I.     Introduction

          Plaintiffs bring this action for damages and other relief relating to Defendant's alleged

violations of the Fair Labor Standards Act ("FLSA") and the Massachusetts overtime law, Mass.

Gen. Laws ch. 151, §§ 1A and 1B. Presently before this court is Defendant's Motion to Stay

Pending Decision on Transfer [#13]. For the following reasons, Defendant's Motion is

ALLOWED.

II.    Factual Background and Procedural History[1]

          Defendant is engaged in the business of selling mortgages and Plaintiffs are individuals

who were all employed by Defendant as loan officers. During the time in which Defendant

employed Plaintiffs,[2] Defendant classified Plaintiffs as "exempt" from FLSA and Massachusetts

overtime-payment requirements. Defendant paid Plaintiffs on a "commission-only" basis.

---

[1] Unless otherwise indicated, this court draws all facts from Plaintiffs' Complaint [#1].

[2] Each Plaintiff worked at one of Defendant's Massachusetts offices for some period of time
between 2007 and the present. See Compl. ¶¶ 4-18.

Plaintiffs regularly worked in excess of forty hours per week while employed by Defendant. Despite Plaintiffs working in excess of forty hours per week, Defendant did not pay them overtime compensation.

On October 18, 2010, several individuals filed a lawsuit against Defendant in the United States District Court for the Eastern District of California on behalf of themselves and others similarly situated (the "Sliger case"). These individuals brought this suit to recover overtime pay, minimum wages, and other relief under the FLSA. On August 24, 2011, that court granted, in part, the Sliger plaintiffs' motion for FLSA conditional certification. The Sliger plaintiffs were authorized to mail notice of the lawsuit to all loan officers employed by Defendant between October 18, 2007 and August 24, 2011 who were paid on a commission-only basis. Each of the individual Plaintiffs in this case chose to opt-in to the Sliger suit,[3] along with hundreds of other individuals.

The Sliger case ultimately did not proceed to trial. Instead, the Sliger court decertified the case by stipulation of the arties on January 23, 2013. The decertification stipulation specified that the claims of all of the Sliger opt-in plaintiffs would be tolled until April 23, 2013. This decertification resulted in hundreds of individual plaintiffs filing numerous suits against Defendant in different jurisdictions. In the wake of the Sliger decertification, there are presently thirty-seven separate federal court cases filed against Defendant.[4]

On April 22, 2013, Plaintiffs filed their Complaint in the instant action. Plaintiffs filed an Amended Complaint on June 6, 2013. Defendant filed an Answer on August 12, 2013, and an

---

[3] Compl. ¶¶ 21-35.

[4] Mot. Stay Pending Decision Transfer [#13] Ex. 1 ¶ 4.

Amended Answer on September 3, 2013. Defendant filed its <u>Motion to Stay Pending Decision on Transfer</u> [#13] on September 23, 2013. Plaintiffs filed their Opposition on October 7, 2013.

Meanwhile, on August 16, 2013, Defendant filed a motion with the Judicial Panel on Multidistrict Litigation ("JPML") to transfer the thirty-seven separate cases to a single forum for consolidated pre-trial proceedings.[5] Plaintiffs filed an opposition before the JPML on September 9, 2013.[6] Defendant anticipates that its motion will be heard on the JPML's December 5, 2013 calendar and that a decision will issue in "early" 2014.[7] Plaintiffs contend that the transfer motion may not be heard on the December 5 calendar and, even if it is, that a decision is at least four to six months away.[8]

III.   <u>Discussion</u>

    A.   <u>Legal Standard</u>

A federal district court's jurisdiction over a matter properly before it is not affected by the mere filing of a motion before the JPML.[9] A district court will therefore not automatically stay a matter upon the filing of such a motion. Instead, whether to grant a stay is firmly within this court's discretion.[10] It is the party seeking the stay who "bears the burden of establishing its need."[11] Additionally, the party seeking the stay "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which

---

[5] Mot. Stay Pending Decision Transfer [#13] Ex. 1 ¶ 11.

[6] <u>See</u> Pls.' Opp'n Def.'s Mot. Stay Pending Decision Transfer [#14] Ex. 2.

[7] Mot. Stay Pending Decision Transfer [#13] Ex. 1 ¶ 12.

[8] Pls.' Opp'n Def.'s Mot. Stay Pending Decision Transfer [#14], 8.

[9] <u>In re Four Seasons Sec. Laws Litig.</u>, 362 F. Supp. 574, 575 n.2 (J.P.M.L. 1973).

[10] <u>Landis v. N. Am. Co.</u>, 299 U.S. 248, 254-55 (1936).

[11] <u>Clinton v. Jones</u>, 520 U.S. 681, 708 (1997).

he prays will work damage to some one else."[12] In deciding whether to grant a stay pending the outcome of Defendant's motion before the JPML, this court must consider: "'(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party without a stay; and, (3) judicial economy.'"[13]

B.  Application

Defendant argues that a stay is appropriate in this case because: (1) there will be little prejudice to Plaintiffs since this case is in its early stages, and any prejudice to Plaintiffs is their own fault for seeking decertification; (2) Defendant will be prejudiced without a stay because there will be duplicative hearings and costs, as well as a risk of inconsistent rulings in the thirty-seven separate cases; and (3) judicial economy favors a stay because this court may otherwise do work that a transferee judge will have to replicate. Plaintiffs argue a stay is appropriate because: (1) they will be prejudiced by a further four-to-six-month delay in a straightforward case that has already been pending since 2010; (2) Defendant will suffer little prejudice because discovery will be highly individualized, and any prejudice is Defendant's fault for agreeing to decertification; and (3) there will be little gain in judicial economy because the cases involve individual issues.

The Parties agree that regardless of the outcome of the present motion and whether or not the JPML grants Defendant's motion to transfer, this case will ultimately be tried before this court. At least thirteen other federal district courts have ruled on nearly identical motions in cases resulting from the Sliger decertification. These courts have reached varying results, given that

---

[12] Landis, 299 U.S. at 255.

[13] Am. Sales Co., LLC v. Warner Chilcott Pub. Ltd. Co., No. 13-347 S, 2013 WL 4016925, at *1 (D.R.I. Aug. 6, 2013) (quoting Good v. Altria Grp., Inc., 624 F. Supp. 2d 132, 134 (D. Me. 2009)).

the decision to grant a stay is a product of each court's discretion, what procedural stage each

case is at, and how quickly each court anticipates completing discovery and proceeding to trial.

As such, the Parties' references to these decisions are not particularly helpful. Each party largely

blames the other for any resulting delay and prejudice that may result. At the end of the day, both

Parties are at least partially responsible, as each of them agreed to decertify the <u>Sliger</u> action.

This court briefly considers each of the three factors described above and concludes, primarily

for reasons of judicial economy, that a stay is appropriate in this case.

    1.  <u>Potential Prejudice to Plaintiffs</u>

   Plaintiffs will suffer little prejudice if a four-to-six-month stay is imposed. While it is true

that the original <u>Sliger</u> action was filed in late 2010, and Plaintiffs have thus already waited three

years for a judicial determination as to whether Defendant owes them overtime pay, Plaintiffs

point to no negative consequences that are distinct from those that generally accompany a delay

in the proceedings. Moreover, there has been very little activity in this matter thus far. This court

has not issued any discovery orders or a Scheduling Order, and a Scheduling Conference has not

yet been held. Finally, the JPML's December 5 hearing session is not far off and, given the

nature of the issues raised by Defendant's motion to transfer, the JPML may well render a

decision relatively quickly. For these reasons, a brief stay in order to allow the JPML to consider

Defendant's motion to transfer will not prejudice Plaintiffs.

    2.  <u>Hardship on Defendant If a Stay Is Denied</u>

   While Defendant may be subject to some duplicative motion practice and discovery

requests in this case and the other thirty-six cases, there is similarly little risk of prejudice to

Defendant if a stay is not granted. First, Defendant's concerns over inconsistent rulings have

little foundation. Defendant does not argue that there may be inconsistent rulings on substantive

matters, but rather that there may be inconsistent discovery rulings. Given the individualized nature of the discovery in each case, this risk does not amount to prejudice to Defendant. Second, Plaintiffs suggest that their discovery requests will be rather modest and therefore present little risk of duplicative work.[14] There is thus little risk of prejudice to either party, regardless of whether this court enters a stay. To the extent Defendant may be subject to duplicative discovery requests, the second factor favors entering a stay.

### 3.   Judicial Economy Considerations

Because this court finds there is little risk of prejudice to either party, its decision is based largely on considerations of judicial economy. As explained above, there has been little activity in this case thus far. At this juncture, this court's proceedings would suffer minimal interruption by entering a stay pending the outcome of the JPML hearing. On the other hand, were this court to deny Defendant's motion and forge ahead with discovery and other pretrial matters, and the JPML to grant Defendant's motion to transfer, this court may well waste time and expense on matters that will then be duplicated by the transferee court. If a stay is granted and the JPML denies Defendant's motion to transfer, only a brief period of time will be lost and discovery can proceed in this court unhindered. Considerations of judicial economy thus favor entering a stay.

## IV.   Conclusion

For the foregoing reasons, Defendant's Motion to Stay is ALLOWED.

AN ORDER HAS ISSUED.

/s/ Joseph L. Tauro
United States District Judge

---

[14] See Decl. Andrew G. Chase [#14-1] ¶ 8 ("Plaintiffs intend to serve Defendant with a single set of interrogatories and a single set of requests for production.").