# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| John Alves, et al., ) <br> ) <br>        Plaintiffs, ) <br> vs. ) <br> ) <br> Prospect Mortgage, LLC, ) <br> ) <br>        Defendant. ) <br> ) | Civil Action No.: 1:13-cv-10985-WGY |

## JOINT MOTION FOR SETTLEMENT APPROVAL

Plaintiffs John Alves, Daniel Bello, Melissa Caci, Kristin Callahan, Julie Chambers, Deborah Colanino, Jason Dubois, Francesco Fazzolari, Shirene Hodgson, Patricia Lareau, Rolando Lora, Sharyn McDonnell, Michael Panza, Jonathan Vizard, and Jerry Wittenberg (collectively, "Plaintiffs"), by and through their attorneys, and Defendant Prospect Mortgage, LLC ("Defendant" or "Prospect"), by and through its attorneys (together with Plaintiffs, the "Parties"), file this joint motion for the Court's approval of their settlement agreement, as some case law suggests may be required for wage claims under the Fair Labor Standards Act ("FLSA"). *See, e.g., Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982); *Thornton v. Solutionone Cleaning Concepts, Inc.*, No. CIV F 06-1455 AWI SMS, 2007 WL 210586, at *3 (E.D. Cal. Jan. 26, 2007); *Manning v. N.Y. Univ., No. 98 Civ. 3300 (NRB)*, 2001 U.S. Dist. LEXIS 12697 (S.D.N.Y. August 21, 2001), aff'd, 299 F.3d 156 (2d Cir. 2002) (citing *Lynn's Food*).

Plaintiffs' complaint seeks damages for alleged failure to pay overtime in violation of the FLSA, and related claims. Defendant denies any wrongdoing or that it owes Plaintiffs any compensation or associated penalties. However, in order to avoid the burdens, costs, and uncertainty of litigation, the Parties have reached a settlement after extensive arms-length

18146079v.1

negotiation, which is fair, reasonable and satisfactory to both sides. Namely, Plaintiffs are receiving adequate and reasonable recoveries and they are only settling their individual claims.

Accordingly, the Parties request that the Court approve their settlement, the terms of which are set forth more fully in the settlement agreement.

## STATEMENT OF FACTS

Plaintiffs formerly worked as mortgage loan officers for Prospect.  Originally, Plaintiffs were opt-in plaintiffs in an FLSA collective action filed in the Eastern District of California, on October 18, 2010, by plaintiffs Elizabeth Sliger, Carol Dion, and Scott Avila, *Sliger v. Prospect Mortgage, LLC*, No. 2:11-CV-465 ("*Sliger*").[1]  The *Sliger* action was eventually decertified by stipulation of the parties and Order of the Court on January 23, 2013.  Following decertification of *Sliger*, 243 of the *Sliger* opt-ins (including Plaintiffs) re-filed their claims in 37 district court cases, and 188 of the *Sliger* opt-ins re-filed their individual claims in arbitration.  In each of these post-*Sliger* district court cases and arbitrations, all plaintiffs are represented by counsel from Nichols Kaster and Defendant is represented by counsel from Seyfarth Shaw LLP.  Plaintiffs filed this action on April 23, 2013.

In both the *Sliger* case and the instant action, Plaintiffs have alleged claims arising under the FLSA relating to failure to pay overtime, failure to pay minimum wage, failure to provide meal and rest breaks, and failure to provide accurate wage statements, due to alleged misclassification of loan officers as exempt employees.  Conversely, in both the *Sliger* case and in the instant action, Defendant has denied all allegations and contended Plaintiffs were properly classified as exempt from overtime under the outside sales, commissioned sales, or other

---

[1] On August 24, 2011, Judge Lawrence K. Karlton granted, in part, the *Sliger* plaintiffs' motion for FLSA conditional certification and authorized the *Sliger* plaintiffs to mail a notice of the lawsuit to all loan officers employed by Defendant between October 18, 2007, and August 24, 2011, who were paid on a commission-only basis. *See Sliger v. Prospect Mortgage, LLC*, No. CIV. S-11-465 LKK/EFB, 2011 WL 3747947 (E.D. Cal. Aug. 24, 2011).

exemptions.  Defendant contends that Plaintiffs were hired as outside salespersons, were expected to perform the duties of outside salespersons, and were evaluated based on their performance as outside salespersons.  Defendant further denies that it misclassified Plaintiffs and asserts it complied with its duties regarding meal and rest periods.  Defendant further contends that it satisfied its record keeping obligations under the law because it was not required to keep records of hours worked, nor did Plaintiffs, who were employed as outside sales loan officers, provide such records.   Defendant further contends that its actions taken and the decisions it made with respect to Plaintiffs' compensation were done in good-faith.

After actively litigating this action both in *Sliger* and in the action filed in this jurisdiction for more than three years, on April 10, 2014, representatives from Nichols Kaster, PLLP and Seyfarth Shaw LLP participated in a private mediation session in Los Angeles, California, with mediator Barbara Reeves Neal, and reached a global settlement of the 35 still-active district court cases—including the instant action—and the 188 individual arbitrations.  Individual settlement agreements were drafted for each of the Plaintiffs, and each of the Plaintiffs has accepted the terms of his or her settlement agreement.

The Parties, through this Motion, now seek to approval of the Parties' settlement agreements and dismissal of all the claims in this action with prejudice.

## LEGAL ANALYSIS

### I.    The Court is Authorized to Approve the Settlement.

Some precedent suggests that employees are unable to waive claims for unpaid overtime under the FLSA and, in order to ensure that the employer is relieved of liability in the context of a negotiated settlement agreement, the settlement of an FLSA claim must either be supervised by the Secretary of Labor or must be approved by the District Court.  *See, e.g., Lynn's Food*, 679 F.2d at 1352-55; *Manning*, 2001 U.S. Dist. LEXIS 12697 (citing *Lynn's Food*).

When an employee brings a private action for back wages pursuant to the FLSA, and thereafter presents to the court a proposed settlement, the court is advised to review the settlement for fairness. *Lynn's Food*, 679 F.2d at 1353. If the settlement reflects a "reasonable compromise over issues, such as computation of back wages that are actually in dispute," the court should approve it in order to promote the policy of encouraging settlement of litigation. *Id.* at 1354. The court's role, in reviewing "what is otherwise a private consensual agreement negotiated between the parties to a lawsuit, must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Officers for Justice v. Civil Service Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982). This requires a balancing of factors which may include, among others, some or all of the following:

> the strength of plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed, and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

*Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1375 (9th Cir. 1993). The degree of importance attached to each factor is determined by the nature of the claims, the type of relief sought, and the facts and circumstances of each case. *See Officers for Justice*, 688 F.2d at 625.

II. **The Court Should Approve the Settlement Agreements Because They Are Fair and Reasonable.**

Here, Plaintiffs pleaded claims under the FLSA. The Parties have agreed to settle the Plaintiffs' individual claims, as set forth more fully in the Settlement Agreements, and there are no class claims in this action.

The Settlement Agreement represents a fair and equitable resolution of this matter. The Parties agree that the terms of the settlement agreements will bestow substantial benefits to

Plaintiffs, especially in light of the uncertainty regarding Plaintiffs' recovery. Liability under the FLSA and under applicable state laws were contested issues, with Defendant strongly disputing Plaintiffs' arguments that they were misclassified as exempt employees under the outside sales or other applicable exemptions.

Further, the settlement is fair and reasonable given the substantial risk of further litigation. "The expense and possible duration of the litigation should be considered in evaluating the reasonableness of [a] settlement." *See In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2000); *see also Lynn's Food*, 679 F.2d at 1354 (noting that one factor that the Court should consider when reviewing a settlement of overtime claims is whether there exists a bona fide dispute as to the amount and/or right to such overtime). Here, the Parties had significant legal and factual disputes, which were hotly contested. Specifically, the Parties dispute whether Plaintiffs' job duties and actions satisfy the outside sales requirements.

Further, the settlement is fair and reasonable because the amount offered in settlement is reasonable, as set forth in the Settlement Agreements.

Finally, the settlement is fair and reasonable given that at all times Plaintiffs have been adequately represented by counsel with significant experience in wage and hour litigation, and there are no class claims in this litigation. The Parties engaged in extensive discovery and continued negotiations over the course of months.

### III.     The Terms of the Settlements

Because of the risks facing all Parties in continuing to litigate this dispute, the Parties have agreed to settle Plaintiffs' individual claims under the FLSA on the following terms, including but not limited to:

1.     Defendant's agreement to pay Plaintiffs settlement amounts (as described in the confidential settlement agreements). The settlement amounts include, without limitation, payment to Plaintiffs for alleged lost wages, including alleged overtime work, performed in any day (if applicable) and/or in any workweek, and related claims. The settlement amounts also include payment of attorneys' fees and costs.

5

2. Defendant's denial of liability or wrongdoing under the FLSA, any state statute, and all other applicable law.

3. Plaintiffs' and Defendant's agreement to dismiss Plaintiffs' individual claims with prejudice with a release limited to wage and hour matters.

Accordingly, the terms are fair and reasonable.

## CONCLUSION

For the foregoing reasons, the Parties respectfully request that the Court find that the settlements represent fair and equitable resolutions of this action and enter the proposed Order Granting Joint Motion to Approve Settlement Agreements and Dismiss Lawsuit, filed concurrently herewith.

Respectfully submitted,

| | |
|---|---|
| JOHN ALVES, et al, Plaintiffs | PROSPECT MORTGAGE LLC, Defendant |
| /s/ G. Tony Atwal | /s/ Jessica S. Lieberman |
| G. Tony Atwal (*pro hac vice*) NICHOLS KASTER, PLLP 80 South Eighth Street, Suite 4600 Minneapolis, MN 55402 (612) 256-3200 tatwal@nka.com | Barry J. Miller (BBO # 661596) Jessica S. Lieberman (BBO # 669677) SEYFARTH SHAW LLP Two Seaport Lane, Suite 300 Boston, MA 02210-2028 Telephone: (617) 946-4800 Facsimile: (617) 946-4801 bmiller@seyfarth.com |
| Shannon Liss-Riordan (BBO# 640716) LICHTEN & LISS-RIORDAN, PC 100 Cambridge Street, 20th Floor Boston, MA 02114 Telephone (617) 994-5800 Facsimile (617) 994-5801 sliss@llrlaw.com | |

18146079v.1